

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00451-CR
No. 07-16-00452-CR

JOSEPH ALARCON GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 2894, Counts II and III; Honorable Gordon Houston Green, Presiding

November 28, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Joseph Alarcon Gonzalez appeals two convictions, one for the felony offense of unlawful possession of a firearm,[1] the other for felony retaliation[2] and the resulting sentences for each. We will affirm the judgments of the trial court.

---

[1] TEX. PENAL CODE ANN. § 46.04 (West 2018). This is a third-degree felony punishable by imprisonment for any term of not more than 10 years or less than 2 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2018).

[2] TEX. PENAL CODE ANN. § 36.06 (West 2018). This is a third-degree felony punishable by imprisonment for any term of not more than 10 years or less than 2 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2018).

Background

The two convictions followed appellant's indictment under three counts. Count I alleged appellant committed aggravated assault with a deadly weapon. Count II alleged appellant intentionally and knowingly possessed a firearm before the fifth anniversary of his release from confinement following a prior conviction. Count III alleged appellant intentionally and knowingly threatened harm to Aaron Chavez in retaliation for or on account of Chavez's status as a prospective witness.

The evidence presented showed all three charges arose from events that occurred at appellant's residence on a workday morning in May 2015. The broad outlines of the sequence of events were undisputed: Chavez was staying at appellant's house in Muleshoe, Texas, temporarily; the two were friends and were working together; on the particular morning, appellant took his young son across the street to appellant's parents' house and returned after his visit there; while appellant was away, Chavez smoked a pipe of methamphetamine and washed his laundry; Chavez had brought a shotgun into the residence the night before, and the shotgun was in a bedroom of the house; Chavez was in that bedroom folding his laundry when appellant returned; appellant entered the bedroom and picked up the shotgun; the shotgun discharged and Chavez sustained a serious injury to his leg when the shotgun blast struck him, requiring his later evacuation to a Lubbock hospital; appellant promptly called 911 and reported that his friend had shot himself; following the dispatcher's instructions, appellant maintained pressure on the wound until help arrived. It is also undisputed that appellant knew his possession of a firearm was unlawful because of his prior felony conviction and could lead to his prosecution. It is further undisputed that appellant made a threatening statement to Chavez immediately after Chavez was shot.

During the trial, Chavez and appellant testified to their respective versions of the details of appellant's possession of the shotgun, of Chavez's shooting and of appellant's threat. After hearing the evidence, the jury found appellant not guilty of the aggravated assault but guilty of unlawful possession of the shotgun and of retaliation. The jury heard punishment evidence and assessed punishment at two years of imprisonment for the firearm possession conviction and seven years for the felony retaliation conviction. The sentences run concurrently. Thereafter appellant filed a motion for new trial and appealed his convictions.

Analysis

Sufficiency of the Evidence (Counts II and III)

Appellant asserts the evidence presented at trial was insufficient to support his convictions for possession of a firearm by a felon and felony retaliation.

We review the sufficiency of the evidence by considering all of the evidence before the jury in the light most favorable to the jury's verdict to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We give deference to the responsibility of the factfinder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *Id.*

The factfinder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) ("The factfinder exclusively determines the weight and credibility of the evidence."). We defer to the factfinder's determinations of credibility and may not substitute our judgment for that of the factfinder. *Jackson,* 443 U.S. at 319; *Thornton v. State,* 425 S.W.3d 289, 303 (Tex. Crim. App. 2014). When there is conflicting evidence, we must presume the factfinder resolved the conflict in favor of the verdict and defer to that resolution. *Jackson,* 443 U.S. at 326; *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016).

To prove unlawful possession of a firearm by a felon, the State was required to prove appellant: (1) possessed a firearm (2) "after conviction and before the fifth anniversary of [his] release from confinement following conviction of the felony or [his] release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." *Tawater v. State,* No. 06-14-00075-CR, 2014 Tex. App. LEXIS 13176, at *3-4 (Tex. App.—Texarkana Dec. 10, 2014, pet. ref'd) (mem. op., not designated for publication) (citing TEX. PENAL CODE ANN. § 46.04(a)(1)). "[T]o support a conviction for possession of a firearm, the State must show (1) that the accused exercised actual care, control, or custody of the firearm, (2) that he was conscious of his connection with it, and (3) that he possessed the firearm knowingly or intentionally." *Id.* at * 4 (citation omitted).

Appellant testified he noticed the shotgun lying on the bed when he entered the bedroom. He told the jury he had not seen the shotgun before and he was concerned because, "I'm a felon, and under State laws, I can't be around a firearm." Appellant said

4

he also was "scared" and concerned about Chavez's unusual behavior that morning, so he "grab[bed] the gun" with one hand so he could "get it out of the house." He said as he was "turning around, the gun discharges." He elsewhere testified he thought the gun must have hit the door frame as he was leaving the room with it.

On appeal, appellant argues he was in physical possession of the shotgun "only for as long as [it] took to remove it from his residence." He contends Chavez's testimony acknowledging he brought the gun into the house the night before and undisputed evidence the shotgun was found outside the house show a "successful removal of the weapon from the residence in a short amount of time of its discovery by Appellant." Therefore, he argues, the evidence was insufficient to support his conviction for felon in possession of a firearm. We cannot agree with the argument.

First, we note appellant admitted to possession of the firearm, albeit for a short period of time. Appellant testified he took the gun out of the bedroom and it accidentally fired. A responding officer testified appellant said he picked up the gun from the bedroom and took it outside. Chavez testified appellant entered his room, picked up the shotgun, pointed it at Chavez and shot him. Under all three of these scenarios, the evidence shows appellant intentionally and knowingly exercised actual care, custody, or control of the shotgun. He was also conscious of his connection with the shotgun.

Second, appellant also acknowledged he knew it would be an offense for him to possess a firearm. The State proved appellant had been previously convicted of a felony and intentionally or knowingly possessed a firearm before the fifth anniversary of his release from confinement through his testimony and that of Chavez, and the introduction

of the March 2014 judgment for appellant's previous conviction. Appellant does not challenge this element of the offense.

We find the evidence sufficient to support his conviction for unlawful possession of a firearm.

To prove felony retaliation, the State was required to prove appellant: (1) intentionally or knowingly; (2) harmed or threatened to harm another; (3) by an unlawful act; (4) in retaliation for or on account of the service or status of another as a witness or prospective witness. TEX. PENAL CODE ANN. § 36.06(a)(1)(A).

Appellant, citing *In re B.P.H.,* 83 S.W.3d 400, 407 (Tex. App.—Fort Worth 2002, no pet.) and *Herrera v. State*, 915 S.W.2d 94, 98 (Tex. App.—San Antonio 1996, no pet.), argues that the jury reached an inconsistent result because it acquitted him of the intentional act alleged in Count I, aggravated assault, but found him guilty of the act alleged in Count III, retaliation. Accordingly, appellant argues, the inconsistent result shows a lack of sufficient evidence to sustain the jury's verdict.

We disagree that the jury's verdicts in the aggravated assault count and the retaliation count are inconsistent, considering the evidence. The jury could have accepted appellant's testimony and found he did not intentionally, knowingly, or recklessly cause injury to Chavez but still accepted Chavez's version of appellant's threatening statement, and his reason for making it. Chavez testified that, after he was shot, appellant held the gun to Chavez's face and told him to say he had shot himself or appellant was going to "finish" him. Chavez was a witness to appellant's possession of a firearm.

During his testimony, appellant admitted he knew he was committing an offense by handling the gun and did not want anyone to know he had done so. Appellant testified he threatened Chavez but did so because Chavez seemed "combative." The jury apparently chose to believe Chavez's version of events rather than appellant's. *See Chambers,* 805 S.W.2d at 461 (the fact finder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties); *see also Wise,* 364 S.W.3d at 903 (factfinder "exclusively determines the weight and credibility of the evidence").

We find the evidence sufficient to support his conviction for retaliation and overrule appellant's issues.

Confrontation Clause Violation (Counts II and III)

Appellant argues the trial court violated his constitutional right to confront the witnesses against him when it placed limitations on his cross examination of Chavez and other witnesses regarding Chavez's criminal history and drug use.

Chavez admitted to his conviction for theft and to his use of methamphetamine on the day of the shooting. On appeal, appellant contends the trial court violated his rights under the Sixth Amendment because it precluded his questions concerning the frequency, kind and consistent nature of Chavez's drug use as well as questions concerning his possible drug or alcohol use the night before the shooting. Appellant also complains the trial court denied permission for him to ask questions of medical personnel concerning statements Chavez made to them during treatment. Appellant contends all of this evidence was directly relevant to the clarity and credibility of Chavez's testimony. The State contends appellant failed to preserve this issue for our review because he failed

7

to articulate that the Confrontation Clause demanded admission of the evidence. We agree.

To preserve a complaint for appellate review, a defendant must make a timely and specific objection to the trial court. TEX. R. APP. P. 33.1(a); *Reyna v. State,* 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Lovill v. State,* 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2000). Claims of violation of the Confrontation Clause may be forfeited if not raised at trial. *Smith v. State,* 420 S.W.3d 207, 222 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Paredes v. States,* 129 S.W.3d 530, 535 (Tex. Crim. App. 2004)). When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error. *Reyna*, 168 S.W.3d at 179.

Here, the record shows appellant argued to the trial court he should be permitted to introduce evidence of Chavez's drug history because it was relevant to Chavez's state of mind. Appellant never told the court exclusion of his proffered evidence was precluded under the Confrontation Clause. For that reason, appellant failed to preserve this issue for our review. *Id.* We overrule the issue.

Admission of Evidence—Rule of Optional Completeness (Counts II and III)

Appellant also contends he was denied a fair trial and due process of law because, over appellant's objection, the trial court refused to admit into evidence a complete audio and video recording but rather admitted only the State's redacted version of the recording. Appellant argues that because the State relied on the visual portion of the recording, the audio portion is admissible under Rule 107 of the Rules of Evidence.

8

The rule of optional completeness is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Bezerra v. State,* 485 S.W.3d 133, 143 (Tex. App.—Amarillo 2016, pet. ref'd) (citing *Walters v. State,* 247 S.W.3d 204, 217-18 (Tex. Crim. App. 2007); *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004) ("The plain language of Rule [of Evidence] 107 indicates that in order to be admitted under the rule, the omitted portion of the statement must be 'on the same subject' and must be 'necessary to make it fully understood.'")). It is designed to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. *Id.* (citing *Walters,* 247 S.W.3d at 218).

The trial court did not abuse its discretion here. The record shows the State introduced part of the investigating officer's recording that contained a statement made by appellant. The recording contained appellant's statement in its entirety. Appellant requested that the court admit the entire video and certain crime scene photographs, arguing admission was required under rule 107. However, appellant also admitted there was nothing more on the video concerning appellant's statement and he did not explain why the rule of optional completeness mandated admission of the crime scene photographs. Rule 107 requires that in order for a piece of evidence to be admitted under the rule, the omitted portion must be on the same subject and must be necessary to make it fully understood. *Id.* That is not the case here.[3] We resolve this issue against appellant.

---

[3] We note also that the photographs not admitted were found by the trial court to be more prejudicial than probative. *See* TEX. R. EVID. 403.

Admission of Evidence of Recording (Count II only)

Appellant contends he was denied a fair trial and due process of law when the court admitted into evidence what appellant calls a "secret recording" made by the State of a gunsmith's testing of the shotgun. Appellant called the gunsmith as his firearms expert. During his testimony, appellant introduced into evidence the gunsmith's written report of his findings regarding the shotgun's characteristics and condition. The report states that the gunsmith's testing took place at the Muleshoe Police Department and was witnessed by a police sergeant and by appellant's counsel. During the State's cross examination, the gunsmith was asked if he was aware that a video had been made of the testing. He responded that he was aware of the video. When the State then sought to introduce the video, appellant first objected on a relevance ground, arguing its introduction was unnecessary because the State simply could ask the witness about his tests and findings. Appellant's counsel then voiced a further objection, telling the court he was not aware the testing was being recorded, and had not been given prior notice it would be recorded. He argued he was entitled to deal with his expert "without supervision by the State." The court overruled the objection, and the video was played for the jury.

On appeal, appellant contends it is "shocking and egregious" that the State was allowed to admit before the jury its video of "interactions between an expert and defense counsel." Appellant asserts that admission of such a recording puts courts on a "slippery slope . . . into admission of other communication between defense counsel and others in the presence of a state actor[.]" Appellant worries that permitting such a recording will lead to erosion of "all that defense counsel across the State hold dear, including but not limited to, the right not [to] be a witness against their own clients."

A trial court's ruling admitting or excluding evidence is reviewed on appeal for abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008) (citing *State v. Dixon,* 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). The trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.*

One of appellant's defensive theories against the aggravated assault charge was that the gun discharged without his intention when it bumped against the door frame. Evidence showed the double-barreled shotgun was over ninety years old and in poor condition. During testing conducted by the Department of Public Safety, its firing pin was "broken off." During one of the DPS's tests, when one of the barrels was fired, the other barrel fired also without its trigger being pulled. The DPS report indicates, and the State's expert, a firearms and toolmark examiner for the DPS, testified that both triggers required little force to fire. However, "a certain amount of force" was required for the gun to fire, "either by pulling the trigger or striking it on a sold surface."

A part of the gunsmith's testing was designed also to determine whether the gun would fire when jarred as appellant described. Rather than hit the stock on the floor as the DPS had done, the gunsmith hit the gun's stock with his hand. His report states his findings verified those of the DPS. Appellant has not shown the trial court abused its discretion by finding the recording of the testing relevant to rebut appellant's defensive theory. *See* TEX. R. EVID. 401.

As for appellant's due process complaint, the record and briefing provided us do not give us a basis to evaluate appellant's issue, much less sustain it. The trial court heard the gunsmith say he was aware his testing was recorded; it heard appellant's

11

counsel say he was not aware of the recording. We have reviewed the video, which is less than twenty seconds in duration. It depicts the gunsmith holding the gun and hitting the end of its stock sharply with his hand, three times. The gunsmith then remarks that "bumping it with my hand didn't set it off." Two men, presumably the witnesses listed in the gunsmith's report, are shown watching the gunsmith's actions. We see nothing in the recording itself, the gunsmith's testimony and report, or the remarks of counsel at trial that gave rise to a risk appellant's counsel was made to be a witness against his client, or that appellant's due process rights were otherwise violated. Moreover, appellant cites no statute, rule, ethical canon, or case law providing us a standard against which to evaluate his claim of a due process violation.

We overrule the issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.