**Sergio David BEZERRA, Appellant**

**v.**

**The STATE of Texas, Appellee**

No. 07–15–00018–CR

Court of Appeals of Texas, Amarillo.

January 14, 2016

134

Randy Schaffer, for Sergio David Bezerra.

Sterling A. Harmon, Abel Reyna, for The State of Texas.

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

## OPINION

Mackey K. Hancock, Justice

Appellant, Sergio David Bezerra, appeals his conviction on four counts of indecency with a child, and sentences of twenty years' incarceration for each count, with the sentences to run consecutively. By his appeal, appellant presents six issues. We will affirm.

## Factual and Procedural Background

Appellant was charged by indictment with four counts of indecency with a child by contact committed against two complainants. These charges arose from allegations that appellant rubbed the two complainants' legs over their clothes near their privates during a third grade Spanish class that appellant taught. Appellant was also alleged to have put his hand in the lap of the complainants and put their hands in his lap. Appellant also allegedly made the complainants sit on his lap and face him in a way that caused their privates to touch.

During the State's case, it offered the testimony of appellant's adopted daughter, M.G. Over appellant's objection, M.G. testified that, when she was still a minor, appellant had put her hand on his penis, and repeatedly entered her bedroom while she was sleeping and touched her vagina. After M.G. reached majority, she sought counseling with Fred Capps, a licensed professional counselor. Capps also testified, over objection, about his treatment of M.G. for the sexual assaults committed by appellant.

The State also offered the testimony of one of appellant's former students that appellant asked her to hold his hand and kiss him while she was still in high school. The witness testified that appellant accepted her refusal of his proposition and that she was able to cut contact with appellant after she left high school.

Appellant testified that he did not have any sexual contact with the complainants or his adopted daughter. He testified that, due to medications he takes for heart problems, he has not had an erection or sexual desire since 1993. He denied propositioning his former student.

After hearing all the evidence, the jury returned guilty verdicts on all four counts. Following the presentation of punishment evidence, the jury assessed sentences of twenty years' incarceration on each count. The trial court then ordered that the four sentences run consecutively. Appellant timely filed notice of appeal.

On appeal, appellant presents six issues. Appellant's first issue contends that the trial court abused its discretion in admitting extraneous offense evidence that he had sexually assaulted his adopted daughter. By his second issue, appellant contends that the trial court abused its discretion by admitting the testimony of a licensed professional counselor that treated appellant's adopted daughter. Appellant's third issue challenges the trial court's ruling admitting the videotaped interviews of the complainants. By his fourth issue, appellant contends that the trial court abused its discretion by admitting the testimony of a former student that appellant propositioned her. Appellant's fifth issue contends that the cumulative effect of all of the preceding errors necessitates a reversal. By his sixth issue, appellant contends that the trial court abused its discretion by admitting victim-impact testimony regarding the desires of the victims' family as to sentencing.

## Standard of Review

All of appellant's issues challenge the trial court's decisions to admit certain items of evidence. We review a trial court's evidentiary rulings for an abuse of discretion. *Oprean v. State,* 201 S.W.3d 724, 726 (Tex.Crim.App.2006); *Carrasco v. State,* 154 S.W.3d 127, 129 (Tex.Crim.App. 2005) (en banc). This same abuse of discretion standard applies to a trial court's decision to admit or exclude extraneous offense evidence. *Devoe v. State,* 354 S.W.3d 457, 469 (Tex.Crim.App.2011) (citing *Prible v. State,* 175 S.W.3d 724, 731 (Tex.Crim.App.2005)). A trial court does

not abuse its discretion if the decision to admit evidence is within the zone of reasonable disagreement. *See Oprean,* 201 S.W.3d at 726; *Bradshaw v. State,* 466 S.W.3d 875, 878 (Tex.App.—Texarkana 2015, pet. ref'd). If the trial court's evidentiary decision is supported by the record and there is any theory of law that would support the ruling, it is not an abuse of discretion. *See Osbourn v. State,* 92 S.W.3d 531, 538 (Tex.Crim.App.2002).

### Issue One: Extraneous Offense Evidence under Article 38.37

By his first issue, appellant contends that the trial court abused its discretion in admitting evidence that appellant had committed extraneous sex offenses against his adopted daughter. In support of his first issue, appellant presents three arguments: (a) this evidence was inadmissible because the extraneous offenses predate the effective date of article 38.37, section 2(b); (b) article 38.37, section 2(b), violates due process and due course of law; and (c) the extraneous offense evidence was inadmissible under Texas Rule of Evidence 403.

### (a) *Effective date of article 38.37, § 2(b)*

■ Appellant contends that evidence of extraneous sex offenses committed by appellant against his adopted daughter six years before the effective date of section 2(b) of article 38.37 is not admissible under the statute.

In 1995, the legislature enacted article 38.37 to authorize the admission of extraneous offense evidence committed by the defendant against the minor complainant named in the indictment. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 1(b) (West Supp.2015). The legislature added subsection 2(b) to the statute in 2013 to authorize the admission of extraneous offense evidence "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *Id.* art. 38.37, § 2(b). Subsection 2(b) "applies to the admissibility of evidence in a criminal proceeding that commences on or after the effective date of this Act[,]" which is September 1, 2013. *See* Act of June 14, 2013, 83rd Leg., R.S., ch. 387, § 2–3, 2013 Tex. Gen. Laws 1167, 1168.

The Court of Criminal Appeals has held that "article 38.37 is applicable to any one of many isolated proceedings within a prosecution, so long as the proceeding at issue occurred after" the statute's effective date. *Howland v. State,* 990 S.W.2d 274, 277 (Tex.Crim.App.1999). Trial is a "proceeding" for purposes of applying a statute that applied to any proceeding commencing on or after the effective date of a statute. *See Mata v. State,* 991 S.W.2d 900, 904 (Tex.App.—Beaumont 1999, pet. ref'd) (citing *Howland,* 990 S.W.2d at 277). Because the trial in the present case commenced after the effective date of section 2(b) of article 38.37, evidence authorized under that subsection was properly admitted by the trial court. *See Dominguez v. State,* 467 S.W.3d 521, 525 (Tex.App.—San Antonio 2015, pet. ref'd) (applying the *Howland* holding to section 2(b) of article 38.37).

Appellant contends that *Howland* is inapposite. The basis for appellant's contention is that the enactment paragraph for article 38.37, that was addressed in *Howland,* added the statement that it applies "regardless of whether the offense that is the subject of the proceeding was committed before, on, or after the effective date of this Act." Acts 1995, 74th Leg., R.S., ch. 318, § 48(b), 1995 Tex. Gen. Laws 2748, 2749. However, the reasoning in *Howland* derives from construction of the phrase "criminal proceeding," which is part of the enactment paragraphs of both the 1995

version and the 2013 version. As such, we agree with our sister court in concluding that section 2(b) of article 38.37 applies to any proceeding occurring after the effective date of the section, which includes appellant's trial in the present matter. *See Dominguez,* 467 S.W.3d at 525.

(b) *Article 38.37, section 2(b), and Due Process and Due Course of Law*

■ Appellant next contends that the trial court's admission of evidence of sex offenses committed by appellant against his adopted daughter under article 38.37, section 2(b), violated his due process rights and was not in accord with due course of law.

■ We review the constitutionality of a statute in light of the presumption of the statute's validity. *Harris v. State,* 475 S.W.3d 395, 399 (Tex.App.—Houston [14th Dist.] 2015, pet. ref'd) (citing *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim. App.1978) (en banc)). We must presume that the legislature did not act unreasonably or arbitrarily in enacting the statute. *Id.* (citing *Ex parte Granviel,* 561 S.W.2d at 511). It is appellant's burden to establish that the statute is unconstitutional. *Id.* (citing *Ex parte Granviel,* 561 S.W.2d at 511).

■ The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S. CONST. amend. V. The Due Process Clause requires the State to prove, beyond a reasonable doubt, every element of the crime charged. *Harris,* 475 S.W.3d at 399 (citing *Byrd v. State,* 336 S.W.3d 242, 246 (Tex.Crim.App.2011)). Generally, an accused must be tried only for the offense with which he is charged and may not be tried for a collateral crime or being a criminal generally. *Id.* at 399 (citing *Stafford v. State,* 813 S.W.2d 503, 506 (Tex.

Crim.App.1991) (en banc)). The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures. *Id.* at 399 (citing *Long v. State,* 742 S.W.2d 302, 320 (Tex.Crim.App.1987), *overruled on other grounds by Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App.1990)).

The Fourteenth District Court of Appeals has recently addressed a challenge to the constitutionality of article 38.37, section 2(b). *See id.* at 398–403. In its well-reasoned opinion, the *Harris* court determined that it was the intent of the legislature to allow extraneous offense evidence in cases involving sexual offenses against children. The court explained,

> the Legislature chose to carve out another exception to the prohibition on evidence of extraneous offenses when it enacted Article 38.37, Section 2 of the Texas Code of Criminal Procedure. The statute recognizes that evidence of this type is, by definition, propensity or character evidence and that it is admissible notwithstanding those characteristics.

*Id.* at 402. The court correctly indicated that article 38.37, section 2(b), does not lessen appellant's presumption of innocence nor reduce the State's burden of proof and, as such, does not violate a defendant's due process rights. *Id.* at 400–01. The court identified that the special circumstances involved in a sexual assault of a child case outweigh the normal concerns associated with extraneous offense evidence. *Id.* at 402 (citing *Jenkins v. State,* 993 S.W.2d 133, 136 (Tex.App.—Tyler 1999, pet. ref'd)). However, acknowledging the dangers of admission of propensity evidence, the legislature included specific procedural safeguards into the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 2–a, 3; *Harris,* 475 S.W.3d

at 399. As such, the *Harris* court concluded that section 2 of article 38.37 is constitutional and does not violate defendants' constitutional right to due process. *Harris*, 475 S.W.3d at 399.

In his reply brief, appellant encourages this Court to reject the analysis and holding of *Harris* on the basis that the *Harris* court "failed to recognize that propensity evidence is different than extraneous offenses admitted to show issues such as intent or modus operandi." Yet, appellant's entire analysis of why this Court should reject *Harris* is premised on appellant's contention that such propensity evidence is inherently prejudicial. However, appellant does not identify how an objection under Texas Rule of Evidence 403, such as was asserted by appellant, fails to remedy this particular danger by obligating the trial court to balance the probative value of the propensity evidence against its danger of unfairly prejudicing appellant. *See* Tex. R. Evid. 403; *Thompson v. State*, 2014 WL 4049892, at *4, No. 13-13-00558-CR, 2014 Tex.App. LEXIS 8916, at *10 (Tex.App.—Corpus Christi Aug. 14, 2014, no pet.) (mem. op., not designated for publication) (citing *Colvin v. State*, 54 S.W.3d 82, 84–85 (Tex.App.—Texarkana 2001, no pet.), for proposition that extraneous acts evidence admissible under article 38.37, section 2, is still subject to exclusion under Rule 403 balancing test). Nothing within article 38.37, section 2, impermissibly lessens the State's burden of proving every element of the offense beyond a reasonable doubt and, as such, we fail to see how the admission of this type of evidence violates appellant's due process rights. *See Harris*, 475 S.W.3d at 399.

(c) *Admission of Propensity Evidence and Rule 403*

■ Appellant further contends that the trial court erred by admitting this extraneous offense evidence over appel-

lant's Texas Rule of Evidence 403 objection. Appellant timely asserted his Rule 403 objection, which was overruled by the trial court.

■ Rule 403 provides, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. "Whether evidence is admissible under Rule 403 is within the sound discretion of the trial court." *Burke v. State*, 371 S.W.3d 252, 257 (Tex.App.—Houston [1st Dist.] 2011, pet. ref'd, untimely filed). A Rule 403 analysis "favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Booker v. State*, 103 S.W.3d 521, 533 (Tex.App.—Fort Worth 2003, pet. ref'd) (op. on reh'g). On review of a Rule 403 analysis, we will "reverse the trial court's judgment rarely and only after a clear abuse of discretion because the trial court is in a superior position to gauge the impact of the relevant evidence." *Freeman v. State*, 230 S.W.3d 392, 404–05 (Tex.App.—Eastland 2007, pet. ref'd) (internal quotation marks omitted); *see Booker*, 103 S.W.3d at 534. A Rule 403 analysis includes the following non-exclusive factors: "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Prible*, 175 S.W.3d at 733.

As mentioned in the previous section, extraneous acts evidence admissible under article 38.37, section 2, is subject to exclusion under Rule 403's balancing test. *See Thompson*, 2014 WL 4049892, at *4, 2014 Tex.App. LEXIS 8916, at *10; *Colvin*, 54

S.W.3d at 84. Appellant contends that the evidence was not probative because appellant's intent could be inferred from the alleged conduct and the extraneous offense evidence was not sufficiently similar to the charged offense.

The indicted offenses were based on the complainants' testimony that appellant rubbed their legs over their clothes near their privates and that he put their hands on his private area and had them massage him. Further, the complainants testified that appellant made them sit on his lap while facing him with no space between their genitals. Evidence that appellant had previously sexually assaulted his adopted daughter is probative that his actions toward the complainants were committed with intent to arouse or gratify his sexual desire. *See Price v. State*, 2014 WL 720893, at *1, No. 07-13-00148-CR, 2014 Tex.App. LEXIS 1771, at *3 (Tex.App.— Amarillo Feb. 18, 2014, pet. ref'd) (per curiam) (mem. op., not designated for publication); *Burke*, 371 S.W.3d at 257. A defendant having committed the same crime for which he is charged is inherently probative; however, such propensity evidence is generally excluded by Rule 404. *See* Tex. R. Evid. 404. Article 38.37, section 2, removes this bar ("[n]otwithstanding Rules 404 and 405") and allows propensity evidence "for any bearing the evidence has on relevant matters....." Tex. Code Crim. Proc. Ann. art. 38.37, § 2. As such, the inherent probative value of the evidence is a proper factor for the trial court to consider when conducting a Rule 403 balancing test. Evidence that appellant has previously sexually assaulted a child is probative that his actions toward the complainants were not innocent actions that were misinterpreted as sexual but were, in fact, done with an intent to arouse or gratify appellant's sexual desire.

While the propensity evidence about appellant's assault of his adopted daughter is not the same as the testimony about his actions toward the complainants, we disagree with appellant's assessment that the offenses were not sufficiently similar for the extraneous offense evidence to be admissible. In the present case, the complainants testified that appellant rubbed their legs over their clothes near their privates, and put their hands on his private area and had them massage him. Appellant's adopted daughter testified that appellant touched her vagina multiple times, made her touch his penis and testicles, and asked her to masturbate him. The testimony is probative that appellant assaults children by touching their privates with his hand and making the children touch his privates with their hands. As such, we conclude that the testimony of appellant's adopted daughter is sufficiently similar to the testimony of the complainants to be admissible and probative.

Having rejected each of appellant's arguments contending that the trial court erred in admitting extraneous offense evidence under article 38.37, we overrule appellant's first issue.

### Issue Two: Testimony of Licensed Professional Counselor

By his second issue, appellant contends that the trial court abused its discretion by admitting the testimony of a licensed professional counselor, Fred Capps, who treated appellant's adopted daughter. Appellant objected to Dr. Capps's testimony on the same bases addressed in appellant's first issue relating to appellant's daughter's testimony. We refer to the analysis above to resolve those arguments. However, as to Dr. Capps's testimony specifically, appellant also objected that Dr. Capps's testimony was inadmissible because it was offered only to bolster the testimony of appellant's daughter.

142

The Texas Court of Criminal Appeals has defined bolstering as "any evidence the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing 'to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Rivas v. State*, 275 S.W.3d 880, 886 (Tex.Crim.App.2009) (emphasis in original) (quoting *Cohn v. State*, 849 S.W.2d 817, 819–20 (Tex.Crim. App.1993) (en banc)). It is clear that, to admit extraneous offense evidence under article 38.37, section 2, the State bears the burden of proving that appellant committed the extraneous offense beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2–a(1). As such, appellant's daughter's testimony that she was sexually assaulted by appellant is "a fact that is of consequence to the determination" of whether the extraneous offense evidence was admissible. This is especially true when appellant's daughter did not make an outcry of the sexual abuse until seven years later. We conclude that Dr. Capps's testimony was relevant to establish whether appellant sexually assaulted his daughter beyond a reasonable doubt. As such, the sole purpose of Dr. Capps's testimony was not to convince the factfinder that appellant's daughter is worthy of credit but, rather, to establish that appellant sexually assaulted his daughter beyond a reasonable doubt.

Appellant cites *Taylor v. State*, 268 S.W.3d 571, 591–92 (Tex.Crim.App.2008), for the proposition that Dr. Capps should not have been permitted to testify as to appellant's identity as the assailant of his daughter because the assailant's identity was not necessary for him to treat the patient. In *Taylor*, the court specifically indicated that the assailant was not a member of the family but was, rather,

"barely more than a stranger" to the victim. *Id.* at 592. The court went on to say that the expert could have testified as to how the assailant's identity was pertinent to the treatment of the victim in some way that was not obvious to the court. *Id.* In the present case, the fact that the assailant was the victim's father seems to this Court to be obviously pertinent to the treatment of the victim.

We overrule appellant's second issue.

### Issue Three: Admission of Videotaped Interviews of Complainants

Appellant contends, by his third issue, that the trial court abused its discretion by admitting the videotaped interviews of the complainants. Appellant asked Sergeant Scott Holt, who watched the videotaped interviews in lieu of interviewing the complainants, about statements the complainants made that appellant did not touch their genital area nor have them touch his genital area. Much of the questioning of Holt focused on nonverbal indications of where the complainants indicated appellant touched them. The State offered the videotaped interviews of the complainants. Appellant objected that the interviews were hearsay. The State responded that, since appellant inquired about the interviews, the videotaped interviews should be admitted under the rule of optional completeness. The trial court overruled appellant's hearsay objection and admitted the videotaped interviews.

Hearsay statements are generally not admissible unless the statement falls within a recognized exception to the hearsay rule. *See* TEX. R. EVID. 802. Texas Rule of Evidence 107, the rule of optional completeness, is one such exception. *See* TEX. R. EVID. 107; *Mick v. State*, 256 S.W.3d 828, 831 (Tex.App.—Texarkana

2008, no pet.). The rule of optional completeness is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Walters v. State,* 247 S.W.3d 204, 217–18 (Tex.Crim.App.2007); *see Sauceda v. State,* 129 S.W.3d 116, 123 (Tex.Crim.App. 2004) ("The plain language of Rule 107 indicates that in order to be admitted under the rule, the omitted portion of the statement must be 'on the same subject' and must be 'necessary to make it fully understood.' "). It is designed to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. *Walters,* 247 S.W.3d at 218.

In the present case, the testimony that "opened up" the statements made by the complainants on the videotaped interviews inquired into the extent to which appellant touched the complainants inappropriately. The testimony was focused on the complainants' nonverbal communication more than their verbal communication. After reviewing the testimony, it is clear that the videotaped interviews would much more fully and fairly explain the matters about which Holt testified. As such, we conclude that the trial court did not abuse its discretion in admitting the videotaped interviews over appellant's hearsay objection.

We overrule appellant's third issue.

### Issue Four: Admissibility of Testimony of Former Student

■ By his fourth issue, appellant contends that the trial court abused its discretion when it admitted testimony from a former student that appellant propositioned her. The State argued that the evidence was admissible to rebut a defensive theory that appellant's touching of the complainants was innocent but that the

complainants misinterpreted his conduct as sexual in nature. The trial court overruled appellant's relevancy objection but agreed to give a limiting instruction to the jury.

We agree with appellant that evidence that appellant propositioned a high school student to hold his hand and kiss him is too dissimilar to the charged offenses of touching third and fourth grade students in a sexual manner in a classroom setting to be admissible to show his intent, motive, or plan. *See Garcia v. State,* 827 S.W.2d 27, 30–31 (Tex.App.—Corpus Christi 1992, no pet.).

■ While we find the trial court's admission of this evidence to have been in error, we must also determine whether this error caused sufficient harm to appellant to be reversible. The erroneous admission of extraneous act evidence is nonconstitutional error that must be disregarded unless it affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). Erroneously admitted evidence does not affect substantial rights when the appellate court examines the record as a whole and can fairly assess that the error did not adversely influence the jury or had only a slight affect. *See Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App.2002). In making this assessment, the presence of overwhelming evidence supporting the appellant's guilt is a factor in determining whether the erroneously admitted evidence was harmful. *See id.* at 357–58. Further, the trial court gave the jury a limiting instruction regarding the extraneous offense evidence. *See Vega v. State,* 255 S.W.3d 87, 105 (Tex.App.—Corpus Christi 2007, pet. ref'd) ("Generally, we presume the jury follows the trial court's instructions and that a limiting instruction cures any harm.").

In the present case, excluding any consideration of the testimony of appellant's former high school student, the evidence of appellant's guilt is overwhelming. This evidence includes the testimony of both complainants that appellant inappropriately touched them in a sexual manner and made them touch him in an inappropriate manner on multiple occasions. Further, properly admitted testimony established that appellant had sexually assaulted his adopted daughter on numerous occasions. Also, the trial court instructed the jury to limit their consideration of this extraneous offense evidence to show appellant's intent, motive, or plan. Consequently, we conclude that the trial court's erroneous admission of the testimony of appellant's former student did not sufficiently affect appellant's substantial rights to justify reversal.

As such, we overrule appellant's fourth issue.

Issue Five: Cumulative Effect of Errors

By his fifth issue, appellant contends that the cumulative effect of the errors he contends that the trial court committed in the previous issues require reversal for new trial. As addressed above, we have only found one of these issues to present error and we determined that the error in that instance was not reversible. Before the cumulative effect of errors can rise to the point at which they become reversible, the complained of errors must actually be errors. *See Gamboa v. State,* 296 S.W.3d 574, 585 (Tex.Crim.App.2009). Because the only issue that presents error has been deemed harmless, we overrule appellant's fifth issue.

Issue Six: Victim–Impact Testimony

■ By his sixth issue, appellant contends that the trial court abused its discretion by admitting punishment testimony of the complainants' father that it would comfort the family if the jury assessed the maximum sentences against appellant.

■ . Evidence of the wishes of the victim's family members regarding the defendant's sentence is not proper victim-impact evidence and is not admissible. *Simpson v. State,* 119 S.W.3d 262, 272 (Tex.Crim. App.2003). While the complainants' father's testimony was couched in terms of what would bring the family comfort, we conclude that the testimony was evidence of what the victims' family wished the defendant's punishment to be. However, such evidence is not admissible. *Id.* As such, we conclude that the trial court erred in allowing the admission of this testimony.

■ The erroneous admission of opinion testimony is non-constitutional error that must be disregarded unless it affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). In instances in which evidence was erroneously admitted, we are to determine whether the error affected the appellant's substantial rights by reviewing the entire record to assess the nature of the evidence supporting the verdict, and the character of the error and how that error might influence consideration of the other evidence in the case. *Motilla,* 78 S.W.3d at 355. The extent to which the State emphasized the erroneously admitted evidence can also be a factor. *Id.* at 356.

In this case, the complainants' father responded in the affirmative to the question, "Would it bring your family comfort to know that he would never get out again?" This was the last question asked of the complainants' father and the State never again referenced this testimony. As such, when the entire record is considered, we cannot conclude that the erroneous admission of this testimony was such that it affected appellant's substantial rights.

Consequently, we overrule appellant's sixth issue.

### Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.