

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-16-00094-CR

_____

## RODERICK BEHAM, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 14 F 0004-005

Before Morriss, C.J., Moseley and Carter,* JJ.
Memorandum Opinion on Remand by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

Roderick Beham was convicted of aggravated robbery and sentenced to twenty-five years' imprisonment. On appeal, this Court reversed and remanded the case for a new trial on punishment only. *Beham v. State*, 476 S.W.3d 724, 742 (Tex. App.—Texarkana 2015, no pet.). On remand, the jury assessed Beham a sentence of forty years in prison, and the trial court sentenced Beham accordingly. *Beham v. State*, No. 06-16-00094-CR, 2017 WL 3205531, at *2 (Tex. App.—Texarkana May 19, 2017, pet. granted). On appeal from that sentence, we again reversed the trial court and remanded the case for a new trial on punishment because we found that the trial court erred by admitting irrelevant and harmful testimony that Beham was holding himself out to be a gang member. *Id.* at *6. The Texas Court of Criminal Appeals found the testimony to be relevant, reversed our judgment, and remanded the case to this Court for consideration of whether the testimony's probative value was substantially outweighed by the danger of unfair prejudice. *Beham v. State*, No. PD-0638-17, 2018 WL 4344389, at *7 (Tex. Crim. App. Sept. 12, 2018).

We affirm the trial court's judgment because the trial court was within its discretion to admit the testimony under Rule 403.

## I. Background

A detailed discussion of the facts of this case is included in our previous opinions. *See Beham*, 2017 WL 3205531, at *1–2; *Beham*, 476 S.W.3d at 728–29. For purposes of this opinion, we will confine our discussion of the facts to those pertinent to the issue before us.

During the punishment phase of the trial, the State called Detective Shane Kirkland of the Texarkana, Arkansas, Police Department to testify regarding gangs in general and that Beham held

himself out to be a gang member. Beham objected to the testimony, arguing that it was inadmissible and irrelevant because the State could not prove that he was a gang member and it was inadmissible under Rule 403 because the probative value of the testimony was substantially outweighed by the danger of unfair prejudice.

The trial court conducted a hearing outside the presence of the jury to evaluate Kirkland's proposed testimony. Kirkland had spent five years as a gang unit investigator in the Texarkana area. He was trained to look for characteristics of those holding themselves out to be gang members. He testified that gang members generally dress in a similar manner, wear certain colors or symbols, or wear apparel from certain sports teams. When investigating someone for possible gang activity, he testified that he would examine their prior criminal activity and whether they associate with known gang members or others "holding themselves out to be a gang member." Officers would also examine posts on social media to see how someone dressed, "their manner, how they make a living or how they make money, and do they boast about that process and enterprise in the gang."

Kirkland was shown five photographs[1] taken from Beham's Facebook page and asked, as a gang investigator, what stood out to him in each photograph. He testified that Beham was making "gang signs" with his hand(s) in all of the photographs and that one photograph depicts the words "money, power, respect," which is a catchphrase or a statement of "what the gang is all about." Beham was wearing red clothing in three of the photographs, "which is a big identifier for affiliat[ion] with Crips or their associated gang." Kirkland testified that Exhibit 11, showing

---

[1]Exhibits 8–12.

3

Beham sitting at a table that is covered with cash and several baggies of a "distribution amount" of marihuana, is the kind of boasting associated with gang members, broadcasting, "[T]his is what I'm making by selling drugs." In Exhibit 12, a photograph of Beham and two other men posing near a car, Beham is making a gang sign with one hand and pointing a pistol at the camera with the other. Regarding that photograph, Beham testified, "That would be characteristic of a, you know, I've got a gun and I'm a gangster."

Based on the totality of the circumstances present in the photographs, it was Kirkland's opinion that Beham was "holding himself out" to be a member of an illegal street gang and that, generally, if someone was not in a gang, he would not hold himself out as a gang member. Kirkland admitted that his opinion was based solely on the five photographs and that he had no knowledge or information that Beham was a member of any street gang or that he had ever participated in gang-related activity. Gang members generally have extensive criminal histories, while Beham does not, and Kirkland acknowledged that merely wearing red, using certain hand gestures, or being involved in criminal activity does not necessarily indicate gang membership.

After hearing Kirkland's proposed testimony and the arguments of counsel, the trial court overruled Beham's objections. The jury then returned to the courtroom, and the trial court proceeded with the remainder of the trial on punishment. Kirkland's testimony before the jury was virtually identical to the testimony he gave during the evidentiary hearing. Alberto Cantu and Brandon Sumner, employees of LaSalle Corrections Center, testified that, on two separate occasions while Beham was incarcerated awaiting trial, he had stolen food from the jail's kitchen and punched another inmate. Beham rested without calling any witnesses. At the conclusion of

4

the testimony, the jury assessed Beham's punishment at forty years' imprisonment and assessed a fine of $5,000.

## II.     Rule 403 Analysis

In his sole point of error on remand, Beham contends that Kirkland's testimony that he was holding himself out to be a gang member should have been excluded pursuant to Rule 403 of the Texas Rules of Evidence, which allows relevant evidence to be excluded, inter alia, if its probative value is substantially outweighed by the danger of unfair prejudice.[2]

Our analysis is guided by the following factors, known as the *Montgomery* factors:  (1) how compellingly the evidence serves to make a fact of consequence more or less probable; (2) the potential the evidence has to impress the jury "in some irrational but nevertheless indelible way"; (3) the time the proponent needed to use in developing the evidence; and (4) the proponent's need for this evidence. *Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex. Crim. App. 1990) (op. on reh'g); *see Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002); *Hartsfield v. State*, 305 S.W.3d 859, 873 (Tex. App.—Texarkana 2010, pet. ref'd).  The Texas Court of Criminal Appeals has deemed the disputed testimony relevant;[3] therefore, Rule 403 favors its admission, as there is a presumption that relevant evidence will be more probative than prejudicial. *Bezerra v. State*, 485 S.W.3d 133, 140 (Tex. App.—Amarillo 2016, pet. ref'd) (quoting *Booker v. State*, 103 S.W.3d 521, 533 (Tex. App.—Fort Worth 2003, pet. ref'd)).

---

[2]"'[U]nfair prejudice' refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Erazo v. State*, 144 S.W.3d 487, 501–02 (Tex. Crim. App. 2004) (Cochran, J., concurring) (quoting *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999)); *accord Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993).

[3]*Beham*, 2018 WL 4344389, at *7.

"We review a trial court's Rule 403 determination for abuse of discretion."[4] *Sanders v. State*, No. 06-14-00079-CR, 2015 WL 4744406, at \*10 (Tex. App.—Texarkana Aug. 12, 2015, pet. ref'd) (*Montgomery*, 810 S.W.2d at 391).

> In determining whether the trial court abused its discretion in making its Rule 403 determination, the appellate court must not only determine that the trial court did in fact conduct the required balancing test and did not simply rule arbitrarily or capriciously, but must also measure the trial court's ruling against the relevant criteria by which a Rule 403 decision is to be made.

*Id.* If the trial court's decision falls within the zone of reasonable disagreement, that decision will not be disturbed. *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996). However, "[w]here this review leads to the conclusion that the danger of unfair prejudice substantially outweighs the probative value of the evidence, the court should find that the trial court erred in failing to exclude the evidence." *Sanders*, 2015 WL 4744406, at \*10 (citing *Montgomery*, 810 S.W.2d at 392).

Kirkland testified that Beham held himself out as being a gang member. How Beham presented himself to others, and how he wanted to be viewed by others, are facts of consequence at punishment because they are relevant to his character and reputation. Therefore, the first factor weighs in favor of admission.

While this character and reputation evidence may be prejudicial, it is not unfairly prejudicial because it is unlikely to irrationally impact the jury. *See Bradshaw v. State*, 466 S.W.3d 875, 883 (Tex. App.—Texarkana 2015, pet. ref'd) (noting Rule 403 does not allow exclusion of otherwise relevant evidence when evidence is merely prejudicial). While Kirkland testified that

---

[4]As noted by the Texas Court of Criminal Appeals, "Rule 403's use of the word 'may' reflects the draftsman's intent 'that the trial judge be given very substantial discretion in 'balancing' the probative value on the one hand and 'unfair prejudice' on the other, and that he should not be reversed simply because an appellate court believes that it would have decided the matter differently.'" *Powell v. State*, 189 S.W.3d 285, 288–89 (Tex. Crim. App. 2006).

Beham held himself out as a gang member, he admitted that there was no evidence that Beham was actually in a gang, that he had never encountered Beham during his time on the gang task force, and that his testimony was based entirely on "cherry-picked" photographs from Beham's Facebook page. Beham made a strong closing argument that focused on Kirkland's admissions and the flaws in his testimony. Kirkland's admissions and Beham's arguments make it unlikely that the jury was impacted in an irrational way by the testimony. Accordingly, the second factor weighs in favor of admission.

The third factor weighs in favor of admission because the direct and cross-examinations of Kirkland consumed only 22 out of the 231 total record pages before the State rested its case. However, the State's need for this evidence at punishment was minimal because the photographs, showing Beham with guns and large amounts of cash and what appear to be illegal drugs, had already been admitted, and they allowed the State to argue and the jury to infer that Beham was a gun-toting drug dealer who deserved a longer sentence. Therefore, the fourth factor weighs against admission.

In consideration of these factors, we find no "clear disparity between the degree of prejudice of the offered evidence and its probative value." *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (quoting *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001)). Therefore, the trial court was within its discretion to admit Kirkland's testimony under Rule 403. Accordingly, we overrule this point of error.

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:     October 24, 2018
Date Decided:       December 19, 2018

Publish