

# NUMBER 13-23-00260-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANTONIO JESUS FLORES,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

## ON APPEAL FROM THE 377TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Silva
### Memorandum Opinion by Justice Tijerina

Appellant Antonio Jesus Flores challenges his conviction of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11. Appellant received a sentence of four and one-half years' imprisonment. By one issue, appellant contends that the trial court erred by finding that a jury could determine beyond a reasonable doubt that he committed the extraneous offense of aggravated sexual assault. We affirm.

## I. BACKGROUND

The State charged appellant with the offense of indecency with a child by contact by engaging in sexual contact with M.L., a child younger than seventeen years of age, by touching her breast with the intent to arouse or gratify appellant's sexual desire.[1] *See id.* At trial, M.L. testified that when she was fifteen years old, appellant cuddled up with her while she sat watching television. According to M.L., appellant attempted to put his hand in her pants, but she "stiffed up," so he was unable to get his hands into her pants. M.L. testified that appellant then lifted her shirt with his left hand and caressed her breasts over and underneath her bra. M.L. reported the incident, and appellant was arrested.

Prior to trial, the State notified appellant that it would introduce extraneous evidence that appellant had sexually assaulted K.G. when she was nine years old. K.G., who was fourteen years old at the time of appellant's trial, testified outside the presence of the jury that when she was nine, appellant touched her "in" her "private part," which she specified is "the part you pee out of?" According to K.G., she felt appellant touching the skin of her vagina with his hand as she slept, and she "kept moving" so that he would stop. K.G. said that she was lying on her backside and moved to her stomach and then side, but "he wouldn't stop."

On cross-examination, K.G. stated she told her mother about the incident when she was thirteen, but she also said she "didn't want to go forward with anything." K.G.

---

[1] We identify the complainant by her initials to protect her privacy. *See* TEX. CONST. art. 1, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process").

2

testified that the prosecution "made" her change her mind, so she decided to testify against appellant in this case. Appellant argued that the trial court should exclude K.G.'s testimony because the police report of the incident contradicted her testimony. Specifically, appellant stated, "Not once did she say [to the police officer] that [appellant] was touching [her]. . . . She was in a deep sleep. And then she woke up, and she saw him at the door." Appellant continued, "Never does she say, [appellant] was touching me." Appellant argued that K.G. missed several scheduled advocacy center appointments, and the case was eventually dismissed. The trial court allowed K.G. to testify at appellant's trial. At trial, K.G. relayed the incident to the jury. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's admission of extraneous offense evidence for an abuse of discretion. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (citing *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005)). "Unless the trial judge's decision [is] outside the 'zone of reasonable disagreement,' an appellate court should uphold the ruling." *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). If there are no written or oral findings of fact, we "view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Id.* A trial court's evidentiary ruling is not an abuse of discretion if it is supported by the record and by any theory of law. *Bezerra v. State*, 485 S.W.3d 133, 138 (Tex. App.—Amarillo 2016, pet. ref'd) (citing *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002)).

3

In cases involving sexual offenses against children, including indecency with a child, article 38.17 of the Texas Code of Criminal Procedure authorizes the admission of extraneous offense evidence concerning a defendant's prior sexual offense, including aggravated sexual assault of a child and indecency with a child, "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b). However, prior to admission of such evidence, the trial court must conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id.* art. 38.37 §§ 1(a)(1)(A), 2(b), 2-a.

Under § 22.021 of the Texas Penal Code, a person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of the sexual organ of a victim younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B). A person commits the offense of indecency with a child under § 21.11 of the penal code if that person engages in sexual contact with the child or causes the child to engage in sexual contact with that person and the child is younger than "17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense." *Id.* § 21.11.

### III. DISCUSSION

By his sole issue, appellant contends "[t]he trial court erred by finding that the alleged extraneous act of aggravated sexual assault upon witness K.G. was committed beyond a reasonable doubt." Specifically, appellant argues that there is no evidence of penetration therefore, the trial court should have excluded K.G.'s testimony.

"A child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault of a child or indecency with a child." *Keller v. State*, 604 S.W.3d 214, 226 (Tex. App.—Dallas 2020, pet. ref'd). Evidence that the slightest penetration occurred is sufficient to uphold a conviction, so long as it has been shown beyond a reasonable doubt. *Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974); *see also Bates v. State*, No. 13-18-00493-CR, 2020 WL 2079094, at *5 (Tex. App.—Corpus Christi–Edinburg Apr. 30, 2020, pet. ref'd) (mem. op., not designated for publication).

Here, the State asked, "When you were at your [aunt's] house, is that when [appellant] touched you?" K.G. replied, "Yes, ma'am." The State asked, "And how did he touch you?" K.G. said, "*In* my private part." (emphasis added). K.G. explained that her private part is the "part" that she uses to pee and that she felt appellant touch the skin of her "private part." From this evidence, the trial court could have reasonably inferred that appellant penetrated K.G.'s sexual organ. *See Cantu v. State*, 678 S.W.3d 331, 358 (Tex. App.—San Antonio 2023, no pet.) ("'Any penetration, no matter how slight, is sufficient to satisfy the requirements' of the aggravated sexual assault statute."); *see also In*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/in (last visited on April 15,

2024) (defining "in" as "that is located inside or within"). Thus, we conclude that the State met its burden of producing sufficient evidence from which the trial court could have determined that the evidence that was likely to be admitted at trial would be adequate to support a finding by the jury that appellant committed the separate offense of aggravated sexual assault of a child beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2-a(1); *Cantu*, 678 S.W.3d at 359 ("We conclude A.C.'s testimony that Cantu put his tongue in her 'butt' is legally sufficient evidence of penetration.").

Moreover, the trial court stated: "The court also finds that the State has proven the elements of the offense of indecency with a child . . . ." We can affirm the trial court's ruling to admit or exclude evidence on any legal theory supported by the evidence. *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008). Thus, we further conclude that the State met its burden of producing sufficient evidence from which the trial court could have determined that the evidence that was likely to be admitted at trial would be adequate to support a finding by the jury that appellant committed the separate offense of indecency with a child beyond a reasonable doubt.[2] *See id.*; *see also* TEX. PENAL CODE ANN. § 21.11 (defining sexual contact as being "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" with the intent to gratify the actor's sexual desires). We overrule appellant's sole issue.[3]

---

[2] Appellant does not challenge this finding on appeal.

[3] To the extent that appellant complains that the charges against him concerning K.G. were dismissed, we note that a defendant does not have to have been charged with, tried for, or convicted of the separate offense for the extraneous offense evidence to be admissible. *See Castillo v. State*, 573 S.W.3d 869, 880–81 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 2(b), 2-a) (noting that "Texas appellate courts have affirmed the admission of or reliance on evidence

6

## IV.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed on the
25th day of April, 2024.

---

that the defendant committed a separate sexual offense against another child under article [38.37] despite the dismissal of charges concerning those separate offenses").