

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00329-CR

---

JERIMY PURCELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-1984, Honorable John J. "Trey" McClendon III, Presiding

---

August 15, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jerimy Purcell, was convicted by a jury of continuous sexual abuse of L.B. and A.B.,[1] two stepdaughters under the age of fourteen at the time of the abuse.[2] The court assessed punishment at fifty years without parole. Appellant raises two issues

---

[1] TEX. PENAL CODE ANN. § 21.02.

[2] To protect the privacy of the children, we identify them by their initials. *See* TEX. CONST. art. 1, § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

on appeal: (1) whether the trial court abused its discretion by admitting evidence of a prior extraneous offense, and (2) whether section 21.02 of the Texas Penal Code is unconstitutional. We affirm.

## Background

In 2023, an indictment issued alleging Appellant committed two or more acts of sexual abuse against his stepdaughters, L.B. and A.B., children younger than fourteen years of age. The alleged abuse spanned a period of more than thirty days, from March 2007 through July 2016. A three-day jury trial was held in September 2023.

At trial, the evidence painted a picture of long-term sexual abuse. Both L.B. and A.B. testified that Appellant sexually abused them, primarily during times when their mother was at work. L.B. testified that the abuse began in 2007 when she was in second grade. She described how Appellant would enter her bedroom at night, touching her vagina. The abuse escalated over time to include various sexual acts occurring, almost daily. When L.B. was in fourth grade, Appellant introduced the use of a vibrator. L.B. finally disclosed Appellant's acts to her junior high school counselor in January 2017.

A.B. testified that her abuse began when she was six years old. She recounted how Appellant swore them to secrecy, threatening the children would be in trouble and ruin their mother's happiness. A.B. described a similar pattern of escalating abuse, including the use of sex toys and sexual acts. According to A.B. the abuse occurred three to four times a week, with her menstrual periods providing the only respite.[3]

---

[3] The uncorroborated testimony of a child victim alone is sufficient to support a conviction for a sexual offense. *See* TEX. CODE CRIM PROC. ANN. art. 38.07(a); *Ryder v. State*, 514 S.W.3d 391, 396 (Tex.

2

The sisters' accounts were corroborated by two professional witnesses. Terry Sanchez, a forensic interviewer from the Children's Advocacy Center, and Patricia Salazar, a Sexual Assault Nurse Examiner, each provided testimony supporting the sisters' statements. Salazar took histories from both girls which aligned with their trial testimony. Salazar's physical examinations of L.B. and A.B. did not reveal any injuries that caused her concern. However, she acknowledged that in cases of repeated penetration, as reported by both girls, observable injuries would be more likely.

Appellant's expert, Dr. Carrie Edwards, testified that while she agreed with Salazar's statements about vaginal intercourse, she believed the probability of physical evidence would be much greater for anal intercourse given the children's age and the repetitive nature described in their testimony.

**Analysis**

Issue One: Admissibility of Extraneous Offense Evidence

Appellant argues that the trial court erred in admitting testimony about an alleged sexual assault he committed on another minor twelve years earlier. He contends the prior offense was too dissimilar and too remote to be sufficiently probative to outweigh its prejudicial effect.[4] We disagree.

App.—Amarillo 2017, pet. ref'd). Corroboration of the victim's testimony by medical or physical evidence is not required. *Cantu v. State*, 366 S.W.3d 771, 775–76 (Tex. App.—Amarillo 2012, no pet.). *See also Delbrey v. State*, No. 05-18-00790-791-CR, 2019 Tex. App. LEXIS 7022, at *7 (Tex. App.—Dallas Aug. 12, 2019, no pet.).

[4] We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision

3

By statute, when a defendant is tried for a sexual offense against a child under seventeen, the State may, notwithstanding Rules 404 and 405 of the Texas Rules of Evidence, introduce evidence of the defendant's separate sexual offenses against other children. This evidence may be used "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 1–2.

However, such evidence is subject to Rule 403's balancing test, which permits admission only if its probative value is not substantially outweighed by the danger of unfair prejudice. *Bezerra v. State*, 485 S.W.3d 133, 139–40 (Tex. App.—Amarillo 2016, pet. ref'd). Before admission, the trial judge must determine if the evidence adequately supports a finding that the defendant committed the extraneous offense beyond a reasonable doubt and must conduct a hearing outside the jury's presence. *See* art. 38.37, § 2(a): *Riley v. State*, No. 07-20-00063-CR, 2020 Tex. App. LEXIS 8285, *3 (Tex. App.—Amarillo Oct. 19, 2020, no pet.) (mem. op.).

At trial, Barbara De Los Santos testified about an incident from 1995. At that time, she and Appellant lived in the same mobile home park and had a dating relationship. Santos was thirteen, and Appellant was eighteen when he moved into her mother's trailer due to conflicts with his own mother. Santos testified they had separate sleeping arrangements and were not sexually involved.

---

is so clearly wrong as to lie outside the zone within which reasonable people might disagree. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

Santos recounted that in December 1995, she was asleep in the living room when Appellant woke her and took her to the bathroom. There, he removed her pants and sexually assaulted her. Despite her protests, he continued until her sister interrupted him. Afterwards, Santos went to the hospital, and her mother sought criminal charges against Appellant.[5]

Appellant contends his actions in 1995 were too dissimilar to the stepdaughters' testimony to demonstrate any propensity to commit the offenses for which he was convicted. However, his 1995 assault bears significant similarities to the charges at hand. In both cases, Appellant, as an adult, engaged in non-consensual sexual acts with underage minors. Like his assaults on L.B. and A.B., Santos testified that Appellant approached her while she was sleeping, isolated her, and disrobed her to accomplish his purpose. He persisted despite her objections and only stopped when required to do so.

"The admissibility of a defendant's commission of separate, similar offenses against a minor child that are sexual in nature is precisely the purpose and scope of what Article 38.37, Section 2(b) encompasses." *Wishert v. State*, 654 S.W.3d 317, 333 (Tex. App.—Eastland 2022, pet. ref'd). We find Santos's testimony relevant proof related to Appellant's character and propensity to act in conformity with such character. *See* TEX. CRIM. PROC. CODE art. 38.37(b), § 2(B); *Ryder v. State*, 514 S.W.3d 391, 398–99 (Tex. App.—Amarillo 2017, pet. ref'd). *See Bezerra*, 485 S.W.3d at 141.

---

[5] During Appellant's presentation of evidence, Melody McCormick testified that Santos had confided in her about having sex with Appellant and taking pregnancy tests, which Santos denied during cross-examination. The jury is responsible for determining witness credibility and weighing conflicting testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13; *Ware v. State*, No. 09-10-00344-CR, 2011 Tex. App. LEXIS 6242, *3–4 (Tex. App.—Beaumont Aug. 10, 2011, pet. ref'd).

Appellant next asserts that the extraneous offense, occurring approximately twelve years before trial, was too remote to be relevant. "Remoteness of an extraneous offense is properly considered in determining whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Harty v. State*, 552 S.W.3d 928, 935 (Tex. App.—Texarkana 2018, no pet.). We do not find that the remoteness of the extraneous offense rendered its probative value so weak as to make this evidence inadmissible under Rule 403.

The Texas Rules of Evidence "favor the admission of all logically relevant evidence for the jury's consideration." *Montgomery v. State*, 810 S.W.2d 372, 375 (Tex. Crim. App. 1990) (op. on reh'g). Evidence that a defendant committed the same type of crime for which he is charged is highly probative to rebut a defense that the minor's allegations were fabricated. Moreover, the twelve-year gap between the prior sexual abuse and his conduct toward his stepdaughters does not, by itself, warrant exclusion. *See West v. State*, 554 S.W.3d 234, 239–41 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (sexual abuse committed twenty-nine years earlier admissible); *Riley v. State*, No. 07-20-00063-CR, 2020 Tex. App. LEXIS 8285, at *3–7 (Tex. App.—Amarillo 2020, no pet.) (sexual assault of another minor fifteen years earlier admissible).[6]

---

[6] Appellant argues that we should give greater weight to the twelve-year gap between the sexual abuse incidents, considering the differences in circumstances such as age disparity and the absence of grooming behavior. However, these are matters for the jury to weigh when evaluating the evidence. We defer to their determination in such instances. *Riley,* 2020 Tex. App. LEXIS 234, at *5–6. Moreover, we presume the jury followed the trial court's limiting instruction regarding the use and consideration of extraneous offense evidence. *See Wishert*, 654 S.W.3d at 334.

Finally, while conceding the extraneous offense testimony "was a smaller portion of the overall trial,"[7] Appellant asserts the "State did not need it." We find the argument speculative at best. Without Santos's testimony, the State's case would essentially pit the sisters' word against Appellant's. There was no physical evidence or eyewitness testimony to support either girl's allegations, and the forensic examiner and SANE nurse reiterated what the girls had reported to them.

Santos's testimony held importance in light of Appellant's trial strategy. The defense emphasized the lack of physical evidence, corroborating evidence, and DNA. It also highlighted inconsistencies in the sisters' statements and noted that they did not share memories of certain instances of abuse. Appellant's counsel, in opening and closing remarks, argued that the sisters fabricated their allegations to remove Appellant so their mother could move in with their great-grandmother. Although the State presented the girls' accounts, corroborated by outcry testimony, this did not compensate for the absence of physical evidence or eyewitness testimony—a lacuna that Appellant's counsel emphasized. Given Appellant's vigorous defense on this issue, we find the State's use of Santos's testimony was not unnecessary.

We hold that the trial court, after balancing the Rule 403 factors, could have reasonably concluded that the probative value of the extraneous-offense evidence was not substantially outweighed by the danger of undue prejudice, and that the evidence was

---

[7] Of the three-volume multi-day trial record, Santos's direct testimony at trial encompassed three pages of the Reporter's Record. The State's reference to the prior sexual assault in closing arguments was seven lines.

admissible under article 38.47 of the Texas Code of Criminal Procedure.  Issue one is overruled.

Issue Two:  Unanimity of Verdict

Appellant's second issue challenges the jury charge, asserting that it erroneously did not require a unanimous verdict as to which specific acts of sexual abuse were committed within the requisite time period.  *See* TEX. PENAL CODE ANN. § 21.02.[8]  While the general rule is that the jury must unanimously agree on each element of an offense, there is no requirement that the jury agree on the manner and means by which those elements are accomplished.  *Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006).

We have previously addressed this issue, holding that "[t]he [continuous sexual abuse] statute does not violate due process by permitting a conviction based on a jury's unanimous finding that the defendant engaged in a course of conduct consisting of repeated acts of sexual abuse, but without requiring jury unanimity."  *Kennedy v. State*, 385 S.W.3d 729, 731–32 (Tex. App.—Amarillo 2012, pet ref'd).  Our sister courts concur, finding that the statute does not violate the state constitutional right to jury unanimity.

---

[8] Section  21.02 states, in pertinent part, as follows:

(b) A person commits an offense if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims: and

(2) at the time of commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is:

(A) a child younger than 14 years of age . . .

*Pollock v. State*, 405 S.W.3d 396, 404–05 (Tex. App.—Fort Worth 2013, no pet.) (citing

*Kennedy v. State* among other court of appeals).[9]  Appellant's second issue is overruled.

**Conclusion**

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.

---

[9] Appellant cites *Richardson v. United States*, 526 U.S. 813 (1999) which held that for a federal continuing criminal enterprise conviction, the jury must unanimously agree on which specific violations make up the continuing series of violations. *Id.* at 815.  However, *Richardson* also noted that state courts have sometimes allowed juror disagreement in cases involving continuous sexual abuse of a child, requiring only proof of a "continuous course of conduct." *Id.* at 821.  The Court acknowledged the special difficulties in proving individual underlying criminal acts in such cases, contrasting them with continuing criminal enterprise cases where specific evidence of underlying violations is more readily available. *Id.* at 821–23. Additionally, the Supreme Court noted that these were state cases, and that it "has not held that the Constitution imposes a jury unanimity requirement" in such instances. *Id.* at 821.