In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00004-CR


______________________________




CHARLES WHITLEY MICK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0618762




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 Charles Whitley Mick appeals from his conviction by a jury for aggravated sexual assault of
a child on M.M. The jury assessed his punishment at forty years' imprisonment and a $10,000.00
fine. Mick presently has five other convictions currently on appeal before this Court. (1)

 On appeal, Mick contends that the trial court erred by admitting a video recording of an
interview by a state worker with M.M. because it was hearsay, and the interviewer/witness was not
the proper outcry witness. (2) He argues that this error is reversible because it leaves grave doubt that
the conviction was free from the substantial influence of the error. 

 Mick's argument is based on our opinion in Brown v. State, 189 S.W.3d 382, 387 (Tex.
App.--Texarkana 2006, pet. ref'd). In that opinion, we held that an interviewer was not a proper
outcry witness because the child victim had made specific allegations of sexual assault to other
adults before talking to the interviewer. Thus, we concluded, neither the hearsay testimony elicited
from the interviewer on the stand nor the videotape of her interview with the child was admissible.

 In response to counsel's trial objections, the State acknowledged at trial that the interviewer,
Kathy Smedley, was not the outcry witness. Thus, any testimony by her recounting M.M.'s
statements would not become admissible by reference to the outcry statute. See Tex. Code Crim.
Proc. Ann. art. 38.072 (Vernon 2005). The trial court acknowledged this, and stated that if
Smedley's testimony and video were admissible, it would be under Rule 107 of the Texas Rules of
Evidence and not under any other exception or rule. See Tex. R. Evid. 107.

 The State offered the testimony and evidence under the rule of optional completeness because
defense counsel had previously cross-examined Detective David Gilmore about the contents of the
video--to show that M.M. had said one thing at one time, and something else at another time--that
Mick did and did not molest her. The State argued that counsel had laid an incomplete or incorrect
impression in front of the jury that justified allowing the State to introduce the described video for
the jury's review.

 In cross-examining Gilmore, the defense attorney appeared to be attempting to demonstrate
that, at the time Gilmore interviewed Mick, he did not have evidence of his guilt and therefore had
as his "goal to get a confession out of Mr. Mick." To establish this, counsel questioned the forensic
interviews of M.M. conducted by the social worker. Gilmore had witnessed the interview. Counsel
examined Gilmore:

 Q Isn't it true that [M.M.] first denied that anyone had touched her? 


 A Yes, in the interview.


 Q Okay. And then she changed her story after she was interviewed
further; is that correct?


 A Well, she's four years old, and, you know they -- 


 . . . .


 Q Right. But, at first, she said nothing happened, and then she changed
her story after the fact?


 A Yes. Yes.


 . . . .


 Q But the question, Officer Gilmore, is, you had conflicting stories; isn't
that true?


 A Not in my mind, there wasn't.


 Q Okay. So, first, she said nothing happened, and then she said
something happened. That's not conflicting stories?


 A Then she became detailed with it, and in my opinion, no.


 . . . .


 Q And, so, at the time that you called Mr. Mick in for the first time, you
had no physical evidence that any offense had occurred, and you had conflicting
stories from the offense -- from the forensic interview; is that correct?


 A In my mind, we did not have any conflicting stories.

 

 . . . .

 

 Q My question is, at the time that you called in Mr. Mick, you had
conflicting stories from the forensic interview; is that correct?


 A I did not have conflicting stories, no, sir. I had two children that had
told what happened to them. In my opinion, there was nothing conflicting about
those interviews.


 . . . .


 Q . . . My question is, [M.M.] told you that nothing happened -- or told
the forensic interviewer that nothing happened, and then she changed her story. Did
you --

 

 A I considered -- I considered that her age and, you know, just a young
child not understanding what's going on. And when the forensic interviewer went
deeper into the subject, it became clear that something had happened.

 

 . . . .


 Q Right. And you said that you were concerned that there might have
been some coaching going on at one time?

 

 . . . . 


 A . . . I did not say that. 


 The tenor of this examination was that counsel was emphasizing favorable portions of the
interview of the child. The response from the witness was to point out that the child was young and,
based on her age and level of comprehension, he believed that, when viewing the statement in its
entirety, the statement was not conflicting, but was evidence of sexual abuse. 

 We review a trial court's decision to admit evidence under an abuse of discretion standard. 
Apolinar v. State, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). The trial court abuses its discretion
only when the decision lies "outside the zone of reasonable disagreement." Id. Hearsay statements
are generally not admissible unless the statement falls within a recognized exception to the hearsay
rule. Rule 107, the rule of optional completeness, is one such rule. 

 As recently explained by the Texas Court of Criminal Appeals, this rule is one of
admissibility and permits the introduction of otherwise inadmissible evidence when that evidence
is necessary to fully and fairly explain a matter "opened up" by the adverse party. Walters v. State,
247 S.W.3d 204 (Tex. Crim. App. 2007). It is designed to reduce the possibility of the jury receiving
a false impression from hearing only a part of some act, conversation, or writing. (3) Id. Rule 107 does
not permit the introduction of other similar, but inadmissible, evidence unless it is necessary to
explain properly admitted evidence. Further, the rule is not invoked by the mere reference to a
document, statement, or act. (4) Id.

 Generally, when a portion of a statement is inquired into the videotaped conversation the
State is entitled to offer any other evidence that was necessary to make the conversation fully
understood. Credille v. State, 925 S.W.2d 112, 117 (Tex. App.--Houston [14th Dist.] 1996, pet.
ref'd). More precisely, under Rule 107, the State is entitled to admission of a complainant's
videotaped statement when (1) the defense attorney asks questions concerning some of the
complainant's statements on the videotape, (2) the defense attorney's questions leave the possibility
of the jury's receiving a false impression from hearing only a part of the conversation, with
statements taken out of context, and (3) the videotape is necessary for the conversation to be fully
understood. Id. at 116-17; Aguirre v. State, No. 08-05-00015-CR, 2006 Tex. App. LEXIS 1089
(Tex. App.--El Paso Feb. 9, 2006, pet. ref'd) (not designated for publication). Even if the defense
attorney's questions pertain to the complainant's statements on the videotape, Rule 107 does not
permit the introduction of the videotape by the State when (1) the videotape is unnecessary to show
the context of the statement, such as the absence of a statement by the complainant rather than the
existence of any directly contradictory statement, and (2) the admission of the videotape would likely
create confusion, such as through references to extraneous offense evidence. Tovar v. State, 221
S.W.3d 185, 191 (Tex. App.--Houston [1st Dist.] 2006, no pet.) (citing Sauceda, 129 S.W.3d at
121-24). 

 In this case, the defense attorney asked Gilmore about the child's statements on the recording;
these questions left open the possibility that the jury would receive a false impression--that the child
said no abuse occurred and only later changed that testimony "after the fact" as a result of "further
interview." Further, the suggestion was made that such incriminating statements may have resulted
from "coaching." The gist of this theory was an insinuation that the child really did not present
legitimate evidence of sexual assault that should have been acted on by law enforcement officials. 
Gilmore disagreed with this analysis of the child's statement and considered that the overall
statement provided ample evidence of sexual abuse. Therefore, for the jury to fully understand the
context of the conversations and determine which interpretation was correct, the trial court
determined it was necessary to review the videotape. There is no complaint that the videotape
contained extraneous offense references. 

 Our standard of review is abuse of discretion. The question before this Court is whether the
trial court's decision was "outside the zone of reasonable disagreement." Apolinar, 155 S.W.3d at
186. We conclude that the court's decision was within the bounds of its discretion and overrule the
contention of error.

 Further, M.M. testified that she knew Charles Mick and he touched her private spot. The
videotape evidence is cumulative of M.M.'s properly admitted testimony and discusses the same
subject. Therefore, even if the videotape was improperly admitted, such error should be disregarded
as not affecting Mick's substantial rights. See Tex. R. App. P. 44.2(b); Jensen v. State, 66 S.W.3d
528, 537 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd); Matz v. State, 21 S.W.3d 911, 912
(Tex. App.--Fort Worth 2000, pet. ref'd) (op. on remand). 

 We affirm the judgment.



 Jack Carter

 Justice


Date Submitted: May 30, 2008

Date Decided: June 2, 2008


Publish 

 
1. Mick appeals from six convictions. In cause number 06-07-00004-CR, he was convicted
of aggravated sexual assault on M.M. and sentenced to forty years' imprisonment (concurrent). In
cause number 06-07-00005-CR, he was convicted of aggravated sexual assault on M.M. and
sentenced to forty years' imprisonment (concurrent). In cause number 06-07-00006-CR, he was
convicted of indecency with a child with J.H. and sentenced to twenty years' imprisonment
(concurrent). In cause number 06-07-00007-CR, he was convicted of indecency with a child with
J.H. and sentenced to twenty years' imprisonment (concurrent). In cause number 06-07-00008-CR,
he was convicted of one count of indecency with a child with J.H. and sentenced to twenty years'
imprisonment (concurrent), and one count of aggravated sexual assault on a child with J.H. and
sentenced to forty years' imprisonment (consecutive to 0618762 (06-07-00004-CR)). In cause
number 06-07-00009-CR, Mick was convicted of one count of aggravated sexual assault on J.H. and
sentenced to forty years' imprisonment (concurrent), and one count of indecency with a child with
J.H. and sentenced to twenty years' imprisonment (concurrent). In each conviction, the jury also
assessed a $10,000.00 fine against Mick. 
2. Mick does not present a Confrontation Clause issue--M.M. testified at the trial. 
3. Sauceda v. State, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004) ("The plain language of 
Rule 107 indicates that in order to be admitted under the rule, the omitted portion of the statement
must be 'on the same subject' and must be 'necessary to make it fully understood.'").
4. The use of that rule is further limited by Rule 403, which permits a trial court to exclude
otherwise relevant evidence if its unfair prejudicial effect or its likelihood of confusing the issues
substantially outweighs its probative value.