

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00015-CR

**VIVIAN MONROE HOLMAN,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                      **Appellee**

---

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2012-17-C2

---

## MEMORANDUM OPINION

---

Vivian Monroe Holman was convicted of one count of aggravated sexual assault of a child (Count I) and two counts of indecency with a child (Counts II and III). *See* TEX. PENAL CODE ANN. §§ 22.021; 21.11 (West 2011). She was sentenced to 60 years in prison on Count I and 20 years in prison on Counts II and III. Because the trial court did not err in admitting a video interview of the complaining witness, the trial court's judgments are affirmed.

In her sole issue, Holman contends the trial court erred in allowing the State to unlawfully demonstrate that the complaining witness, S.A., was "truthful." Specifically, Holman argues the trial court erred in admitting a video made at the Child Advocacy Center of the forensic interview of S.A. conducted by Melody York-Zuniga under the "rule of optional completeness."

A trial court's admission of evidence is reviewed for an abuse of discretion. *Tienda* v. State, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, we must uphold the judgment. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).

Initially, the State asserts that Holman's issue on appeal does not comport with the argument made at the trial court. A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. *Lovill v. State*, 319 S.W.3d 687, 691-692 (Tex. Crim. App. 2009). At first glance, it would appear that the issue does not comport. At trial, Holman argued the video was inadmissible because it was hearsay; whereas on appeal, Holman's issue states that the video was inadmissible because it unlawfully demonstrated S.A.'s truthfulness. However, the substance of the issue complains about the trial court's admission of the evidence pursuant to Rule 107, the rule of optional completeness, which is the argument the State

made for the video's admission over Holman's hearsay objection. Thus, the argument on appeal comports with the objection made at trial that was overruled.

But the State takes their complaint a step further and states that because Holman did not make the same, or any, argument against admission under Rule 107, her complaint on appeal does not comport. We disagree. Once Holman objected on the basis of hearsay, it became the State's burden as the proponent of the evidence to establish that an exception applies that would make the video admissible in spite of its hearsay character. *See Taylor v. State*, 268 S.W.3d 571, 578-579 (Tex. Crim. App. 2008). The State cited Rule 107, the rule of optional completeness, as an exception. Once it convinced the trial court that the video was admissible under Rule 107, the trial court ruled on the full extent of Holman's objection, and appellate error has been preserved as to whether the video was admissible under that exception. *See e.g. McFarland v. State*, 845 S.W.2d 824, 837 (Tex. Crim. App. 1992) (relevance objection preserved error as to ultimate admissibility of evidence under Rule 404(b)). Holman's issue is preserved.

Generally, hearsay statements are not admissible unless the statement falls within a recognized exception to the hearsay rule.[1] *Pena v. State*, 353 S.W.3d 797, 814 (Tex. Crim. App. 2011). Texas Rule of Evidence 107, known as the rule of optional completeness, is such an exception:

> When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject

---

[1] Neither party contends the video at issue is not hearsay.

may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given.

TEX. R. EVID. 107 (eff. March 1, 1998, amended eff. April 1, 2015); *Id*. This evidentiary rule is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Walters v. State*, 247 S.W.3d 204, 218 (Tex. Crim. App. 2007). It is designed to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. *Id.*

Rule 107 does not permit the introduction of other similar, but inadmissible, evidence unless it is necessary to explain properly admitted evidence. *Id*. It is not invoked by the mere reference to a document, statement, or act. *Id.* Additionally, to be admitted under the rule, "the omitted portion of the statement must be 'on the same subject' and must be 'necessary to make it fully understood.'" *Pena*, 353 S.W.3d at 123 (quoting *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004)).

Holman first contends that the video was not admissible under Rule 107 because she did not introduce any portion of the video in her cross-examination of the State's witness, Melody York-Zuniga. However, the specific introduction of the video by Holman is not required before the State could invoke Rule 107. *See Credille v. State*, 925 S.W.2d 112, 116-117 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). Several times during cross-examination, Holman specifically inquired into what was said in the

interview, such as, "did she tell you that she lies a lot sometimes," and "she mentioned the fact that occasionally she tells lies." Holman also suggested during cross-examination that S.A. would try to draw Zuniga's attention away from the question asked so that S.A. would not have to answer the question. As in *Credille*, Holman's cross-examination would have left a false impression as to S.A.'s credibility. Thus, the State was entitled to offer any other evidence necessary to make the interview "fully understood." *See id*. at 117 (because appellant inquired into the videotaped conversation, the State was entitled to offer any other evidence that was necessary to make the conversation fully understood). *See also Mick v. State*, 256 S.W.3d 828, 832 (Tex. App.—Texarkana 2008, no pet.) (same).

Next, Holman contends that, assuming Rule 107 was applicable, only the portion of the video where Zuniga and S.A. discussed the difference between the truth and a lie should have been introduced. However, Holman's attack on the victim's credibility did not encompass just this portion of the interview. As stated previously, Holman also suggested that the victim would try to draw Zuniga's attention away from the question asked so that she would not have to answer the question. Thus, it was necessary to show these instances in the context of the entire interview.[2] *See Credille*, 925 S.W.2d at 117.

---

[2] Further, Holman did not request any limitation on the video's admissibility. A party opposing evidence has the burden of objecting and requesting a limiting instruction at the time the evidence is admitted as to any portion of the evidence that is objectionable for another reason or admissible only for a limited

Accordingly, the trial court did not abuse its discretion in admitting the video interview of the victim. Holman's sole issue is overruled, and the trial court's judgments are affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
          Justice Davis, and
          Justice Scoggins
Affirmed
Opinion delivered and filed October 22, 2015
Do not publish
[CRPM]



---

purpose. *See* TEX. R. EVID. 105(a); *Hammock v. State*, 46 S.W.3d 889, 892 (Tex. Crim. App. 2001). Without a request for a limiting instruction, it was admitted for all purposes. *See Hammock*, 46 S.W.3d at 895 (recognizing that once evidence is admitted without limiting instruction, it may be used for all purposes).