

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-18-00243-CR

**WILLIAM FREDERICK PETTY, III,**

                                           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                           **Appellee**

_____

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. DC-F201700241

_____

## MEMORANDUM OPINION

_____

William Petty, III appeals from four convictions for sexual assault of a child and two convictions for indecency with a child by contact. TEX. PENAL CODE ANN. 22.021, 21.11. Petty complains that the trial court erred by admitting the audio portion of a video recording of a forensic interview of the victim, erred by refusing to instruct the jury to disregard testimony after a sustained objection, erred by refusing to instruct the jury to disregard improper jury argument by the State after a sustained objection, and that the

evidence was insufficient. Because we find no reversible error, we affirm the judgment of the trial court.

**ADMISSION OF EVIDENCE**

In his first issue, Petty complains that the trial court erred by admitting the audio portion of the recording of the forensic interview of the alleged victim. The video recording without audio had been admitted previously without objection. During the re-cross examination of the forensic examiner, Petty asked the examiner several questions about whether the alleged victim had made an allegation of physical or sexual abuse of any siblings or whether her mother had also touched her "coochie". During redirect, the State then sought to introduce the audio portion of the recording. Petty objected on the basis of hearsay. The State argued that the recording was admissible in its entirety because Petty opened the door by asking questions about extraneous matters that were not included in the examiner's testimony and therefore the entire interview should be admitted.

Generally, hearsay statements are not admissible unless the statement falls within a recognized exception to the hearsay rule. *Pena v. State*, 353 S.W.3d 797, 814 (Tex. Crim. App. 2011). Texas Rule of Evidence 107, known as the rule of optional completeness, is such an exception:

> When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to

> explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given.

Tex. R. Evid. 107; *Id*. This evidentiary rule is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Walters v. State*, 247 S.W.3d 204, 218 (Tex. Crim. App. 2007). It is designed to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. *Id*.

Rule 107 does not permit the introduction of other similar, but inadmissible, evidence unless it is necessary to explain properly admitted evidence. *Id*. It is not invoked by the mere reference to a document, statement, or act. *Id*. Additionally, to be admitted under the rule, "the omitted portion of the statement must be 'on the same subject' and must be 'necessary to make it fully understood.'" *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004).

Petty attempted to attack the victim's credibility and the mother's character throughout the trial. The questions asked by Petty to the examiner were of such a nature so as to create a potentially false impression that negatively impacted the victim's credibility overall and sought to show that the alleged victim had also claimed that the mother had also touched the alleged victim in the same manner as Petty asserted that he had to check the alleged victim for urinary accidents. Thus, the State was entitled to offer any other evidence necessary to make the interview "fully understood." *See Credille v.*

*State*, 925 S.W.2d 112, 117 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (because appellant inquired into the videotaped conversation, the State was entitled to offer any other evidence that was necessary to make the conversation fully understood). *See also Holman v. State*, 2015 Tex. App. LEXIS 10872 at *5 (Tex. App.—Waco Oct. 22, 2015, no pet.)(mem. op.)( not designated for publication); *Mick v. State*, 256 S.W.3d 828, 832 (Tex. App.—Texarkana 2008, no pet.) (same).[1] We overrule issue one.

**FAILURE TO GIVE INSTRUCTIONS TO DISREGARD**

In issues two and three, Petty complains of two instances where the trial court sustained an objection but refused to give an instruction to disregard.

ADMISSION OF EVIDENCE

In issue two, Petty complains of the trial court's refusal to give an instruction to the jury to disregard after the trial court had sustained his non-specific objection to an answer given by the alleged victim's mother to Petty's question of why her children, including the alleged victim, were not placed with her by the Department of Family and Protective Services after Petty's arrest. During cross examination, Petty asked the mother several times why her children were not returned to her, presumably in an attempt to get her to admit that it was due to her neglectful supervision of her children. The first time, the mother answered that she was "afraid for their life and for mine." The second time,

---

[1] Petty did not argue that the admission of the audio portion of the video should have been limited to the issues raised on his re-cross examination at trial or in this appeal and therefore, we will not address it. *See Holman*, 2015 Tex. App. LEXIS at fn.2.

the mother answered that she was "afraid for my life and life of my children." The third time, the mother answered that she took the children to the police because she was "afraid for my life and for my children and they said they will take care of them until he'll be caught because he ran away." The mother had previously testified that Petty had run away with two boys after the offenses were reported to law enforcement. Counsel for Petty then pointed out that Petty was arrested the day after the warrant was issued for these offenses. The mother then testified that Petty was in Oklahoma when he was arrested. Petty then asked again why the children were not placed with her by the Department, asking if it was "because of what you said, neglectful supervision?" The mother then answered that "I was afraid for their life. I couldn't protect them from him. He's ex-military. He's a killer. He killed people. He can kill my daughter and not go to jail. He can kill me not to go to jail. I brought my kids there and told them that." After this answer, Petty objected but did not assert a basis for his objection. The trial court sustained the general, non-specific objection. Petty asked for an instruction to the jury to disregard, but the trial court refused to give an instruction.

In his brief, Petty complains that the trial court erred by denying his request for an instruction to disregard because the evidence was inadmissible pursuant to Rule 404 of the Texas Rules of Evidence and because the statement was calculated to inflame the jury. The State argues that Petty did not preserve his complaint because the same or similar testimony was introduced without objection during the rest of the trial.

"An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Here, the mother testified several times that she was fearful for the lives of her and her children and had expressed that fear was because of Petty. Because substantially similar evidence was admitted without objection, error, if any, relating to the mother's fear of Petty killing her or her children was cured.[2] *See Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting any error was harmless when "very similar" evidence admitted without objection). Further, Petty testified later in the trial that he was a decorated combat veteran who had served in Operation Iraqi Freedom.

To the degree that there was no other evidence regarding the answer given by the mother, however, we will assume that the failure to instruct the jury was erroneous. Because the error is non-constitutional error, in our harm analysis we are required to disregard any error that does not affect an appellant's substantial rights. TEX. R. APP. P. 44.2(b). An error that has a "substantial and injurious effect or influence in determining the jury's verdict" affects a substantial right. *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (citation and internal quotation marks

---

[2] Sorting out the various inconsistent descriptions used by the Court of Criminal Appeals as to whether the error is "cured," "waived," or "harmless" is unnecessary to the disposition of this issue.

omitted). In determining the likelihood that a nonconstitutional error adversely affected the jury's decision, we review the record as a whole, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider the jury instructions, the State's theory and any defensive theories, whether the State emphasized the error, closing arguments, and even voir dire, if applicable. *Haley*, 173 S.W.3d at 518-19. When an error that occurs in the guilt-innocence phase of a trial does not likely move the jury from a state of nonpersuasion to a state of persuasion concerning the defendant's guilt, the error is harmless. *Murkledove v. State*, 437 S.W.3d 17, 29 (Tex. App.—Fort Worth 2014, pet. ref'd).

The key issue in the trial was the credibility of the alleged victim and Petty. Petty attempted to show that the alleged victim was autistic, had been coached by her mother and grandmother, and that the alleged victim's mother also checked the alleged victim in the same way that Petty alleged that he did in order to look for urinary accidents. We have reviewed the entire record, including voir dire, opening statements, the evidence, arguments, and the jury charge, and based on that review, we conclude that any error "did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d at 365. We overrule issue two.

In issue three, Petty complains that the trial court erred by refusing to give an instruction to disregard statements presented by the State because they were outside of the record in its argument during the guilt-innocence phase of the trial. The entire segment of the argument to which Petty complains was:

> We know when a 10, 11-year-old child wets the bed it's a puddle. It's not a little spot on the underwear. We know that. That's ridiculous. Talked about – and he talks about the misunderstanding, she just misunderstands daddy-[A.G.] time. She misunderstands an act of love. I was showing her love by sticking my penis in her mouth, in her vagina, in her anus, sticking my fingers inside of her and licking on her breasts. As I said, the system failed [A.G.] but now you're going to have the opportunity to tell us what you think. You're going to have the opportunity to protect society, you're going to have the opportunity to protect [A.G.], and you're going to have the opportunity to protect the children of wives nine, ten, 11, however many more there are. There are a lot more—

Petty then objected that the State was arguing outside the record and the trial court sustained the objection. Petty did not specify what part of the State's argument was outside of the record. Petty then asked the trial court for an instruction to disregard, but the trial court refused to give an instruction.

In determining whether Petty was entitled to an instruction to disregard, we must first decide whether the prosecutor's jury argument was improper. The purpose of closing argument is to inform and educate the jury on how to properly analyze the evidence presented at trial so that it may reach a reasonable and just conclusion based upon the evidence alone, and not upon a fact not admitted into evidence. *See Milton v.*

*State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019). There are four proper areas of jury argument: "(1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement." *See id.* Counsel is generally given wide latitude to draw inferences from evidence, so long as they are reasonable, fair, legitimate, and offered in good faith. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

In his brief to this Court, Petty's sole complaint regarding this issue is that the statement by the State inferred that there were other victims of sexual abuse that he had perpetrated or that needed to be protected from him, "specifically children of the former wives of the Appellant," which was outside of the evidence. However, our reading of the argument does not establish the error of which Petty complains. In the statements at issue, the State did not argue that there were other current victims of Petty but that by finding him guilty, the jury could prevent Petty from remarrying, having other children with those wives, and sexually abusing those children. Petty had been married eight times as of the trial, and the belief that Petty was likely to marry again more than once in the future based on his history is a reasonable deduction from the evidence. Protection of future victims of crime is a proper plea for law enforcement. *See, e.g., Rocha v. State*, 16 S.W.3d 1, 21-22 (holding State's argument "us[ing] colorful speech to convey the idea that the defendant would kill again and that the jury had a responsibility to prevent that occurrence through its verdict" was a proper plea for law enforcement). We find that

Petty's complaint was not properly sustained by the trial court. Because the State's argument was not improper and the trial court should not have sustained the objection, there was no error in refusing to give a limiting instruction. We overrule issue three.

## SUFFICIENCY OF THE EVIDENCE

In his fourth issue, Petty complains that the evidence was insufficient for the jury to have found that he committed the offenses. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating

circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

At its essence, Petty is complaining that the evidence was insufficient because the alleged victim's testimony was not credible and should not be believed in the absence of physical evidence. The alleged victim was autistic and had significant physical and mental difficulties and was taking multiple medications. There was no physical evidence to support her contentions and Petty contends that she was coached by her grandparents. Petty argues that the only evidence against him was that of the alleged victim and the hearsay statements of the alleged victim introduced through the other witnesses which he contends were inconsistent and contradictory.

The uncorroborated testimony of a child victim can be sufficient to support a conviction. *See* TEX. CODE CRIM. PROC. art. 38.07; *see also Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (holding victim's testimony of penetration by defendant,

standing alone, was sufficient). Furthermore, the State has no burden to produce physical, medical, or other corroborating evidence. *See Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.). To the extent the lack of this or other evidence could serve to undermine the alleged victim's or any other witness's credibility, it was the jury's duty as the sole factfinder to assess the alleged victim's credibility and to resolve any conflicts in the evidence or testimony. *See Zuniga*, 551 S.W.3d at 729. We presume that the jury resolved any conflicting inferences in favor of the verdict and defer to that resolution. *See Jackson*, 443 U.S. at 326. The jury determines the credibility of the witnesses and may believe all, some, or none of the testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Based on its verdict, the jury was not persuaded by Petty's arguments, and apparently found the alleged victim's testimony to be credible. The alleged victim testified about Petty committing each of the offenses in the manners alleged, and Petty does not argue that she did not as to any one specific offense. The nurse who performed the sexual assault examination and the two individuals who performed forensic interviews of the victim testified that the victim told them how Petty committed each of the offenses alleged, that during the time frame the offenses were committed Petty called the victim "sexy" and that she should not tell what happened because they would both get in trouble. After reviewing all of the evidence in the light most favorable to the jury's verdict, and giving due deference to the jury's weight and credibility determinations, we

conclude that, on the evidence presented, a rational trier of fact could have found the essential elements of each of the offenses beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318-19. We overrule issue four.

CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Senior Justice Al Scoggins[3]
Affirmed
Opinion delivered and filed December 2, 2020
Do not publish
CRPM



---

[3] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.