

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00197-CR

**JERMAIN DION NANCE, SR.,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                      **Appellee**

---

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 19-25657**

---

## MEMORANDUM OPINION

---

Appellant, Jermain Dion Nance Sr., was convicted of one count of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11. In his sole issue, Nance complains that the trial court abused its discretion by admitting a videotaped recording of a forensic interview of the child victim. We affirm.

## Background

Nance was charged by indictment with one count of indecency with a child by contact. *See id.* The State also filed a notice of enhancement that contained two enhancement paragraphs, which alleged that Nance was previously convicted of: (1) possession of a controlled substance; and (2) manufacture or delivery of a controlled substance. At the conclusion of the guilt-innocence phase, the jury found Nance guilty of the charged offense. Nance elected to have the trial court assess his punishment. The trial court found both enhancement paragraphs to be true and sentenced Nance to a term of forty years in prison. The trial court certified Nance's right of appeal, and this appeal followed.

## Videotape of the Forensic Interview

In his sole issue, Nance contends that the trial court erred by admitting a videotaped recording of the forensic interview of the child victim. Specifically, Nance argues that the video should not have been admitted into evidence because it contains inadmissible hearsay, and because no hearsay exception applies.[1]

STANDARD OF REVIEW

---

[1] In his brief, Nance makes a passing reference to Texas Rule of Evidence 404(b) without substantial argument in support thereof. *See* TEX. R. EVID. 404(b). Nevertheless, we note that Nance did not object to the videotaped interview of the child victim under Rule 404(b). Therefore, to the extent that Nance's brief can be construed as raising an issue under Rule 404(b), we conclude that this contention was not preserved. *See* TEX. R. APP. P. 33.1(a); *see also Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) ("For a party to preserve a complaint for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection.").

We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's evidentiary decision, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id.* at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

FACTS

At trial, the State called the forensic interviewer to testify. In her testimony, the forensic interviewer described the best practices for conducting a forensic interview and the child victim's responses to questions asked during the interview, among other things. The State offered the videotaped recording of the forensic interview with the child victim for admission into evidence. Defense counsel objected on hearsay grounds. The trial court sustained defense counsel's objection.

Thereafter, Defense counsel cross-examined the forensic interviewer about the credibility and demeanor of the child victim during the interview, as well as several of the child victim's responses. Defense counsel's cross-examination of the forensic interviewer corresponded with the theme of his opening statement: that the child victim's account of what happened was unreliable, false, and/or motivated by her desire to stay with her aunt in Colorado. At the conclusion of defense counsel's cross-

examination of the forensic interviewer, the State reoffered the videotaped recording of the forensic interview of the child victim for admission into evidence. Defense counsel objected once again on hearsay grounds. The State countered that defense counsel had taken parts of the interview out of context and that "the best way to know what the child said is to hear what the child said, not the defense attorney's take on what she said." After some additional questioning by the State and defense counsel, the trial court admitted the video into evidence.

ANALYSIS

On appeal, Nance contends that the trial court improperly admitted the videotaped recording of the forensic interview because it contains highly prejudicial hearsay testimony, and because no hearsay exception applies.

Generally, hearsay statements are not admissible unless the statement falls within a recognized exception to the hearsay rule. *Pena v. State*, 353 S.W.3d 797, 814 (Tex. Crim. App. 2011). One such exception, Texas Rule of Evidence 107, known as the rule of optional completeness, provides:

> If a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent. "Writing or recorded statement" includes a deposition.

TEX. R. EVID. 107. This evidentiary rule is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully

and fairly explain a matter "opened up" by the adverse party. *Walters v. State*, 247 S.W.3d 204, 218 (Tex. Crim. App. 2007). It is designed to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. *Id.*

Rule 107 does not permit the introduction of other similar, but inadmissible, evidence unless it is necessary to explain properly admitted evidence. *Id.* Moreover, it is not invoked by the mere reference to a document, statement, or act. *Id.* Additionally, to be admitted under the rule, "the omitted portion of the statement must be 'on the same subject' and must be 'necessary to make it fully understood.'" *Pena*, 353 S.W.3d at 814 (quoting *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004)).

With regard to the admission of videotaped statements of complainants, Texas courts have stated that:

> Generally, when a portion of a statement is inquired into the videotaped conversation the State is entitled to offer any other evidence that [i]s necessary to make the conversation fully understood. More precisely, under Rule 107, the State is entitled to admission of a complainant's videotaped statement when (1) the defense attorney asks questions concerning some of the complainant's statements on the videotape, (2) the defense attorney's questions leave the possibility of the jury's receiving a false impression from hearing only a part of the conversation, with statements taken out of context, and (3) the videotape is necessary for the conversation to be fully understood. [However, e]ven if the defense attorney's questions pertain to the complainant's statements on the videotape, Rule 107 does not permit the introduction of the videotape by the State when (1) the videotape is unnecessary to show the context of the statement, such as the absence of a statement by the complainant rather than the existence of any directly contradictory statement, and (2) the

> admission of the videotape would likely create confusion, such as through references to extraneous offense evidence.

*Mick v. State*, 256 S.W.3d 828, 831 (Tex. App.—Texarkana 2008, no pet.) (internal citations omitted); *see Tovar v. State*, 221 S.W.3d 185, 191 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Credille v. State*, 925 S.W.2d 112, 117 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd); *see also Petty v. State*, No. 10-18-00243-CR, 2020 Tex. App. LEXIS 9364, at **2-4 (Tex. App.—Waco Dec. 2, 2020, pet. ref'd) (mem. op., not designated for publication); *Bailey v. State*, No. 11-09-00223-CR, 2011 Tex. App. LEXIS 5085, at **10-13 (Tex. App.—Eastland June 30, 2011, no pet.) (mem. op., not designated for publication).

In the instant case, defense counsel attacked the child victim's credibility and motivation for going to the forensic interview. Indeed, in his opening statement, defense counsel claimed that the focus of the child victim's forensic interview revolved around her not wanting to return to her mom and that the forensic interviewer needed "extended questioning to even get [the child victim] to say anything about [Nance]." Moreover, when cross-examining the forensic interviewer, defense counsel inquired about the child victim's demeanor and selected statements made by the child victim during the forensic interview. Defense counsel characterized the child victim's pause when answering a question about the difference between a truth and a lie as the child victim taking an "enormously long" time and getting "stuck." Defense counsel also asked the forensic interviewer if the child victim responding that she did not know why she was at the interview and that her aunt Glenda brought her there seemed indicative that another

person provided the child victim with the explanation for going to the interview. Further, defense counsel asked if the "ultimate answer" as to why the child victim went to the interview was the child victim's concern about returning to live with her mom.

From these questions, defense counsel insinuated that the child victim's interview responses indicated coaching and that the child victim's desire to stay with her aunt motivated her interview. Defense counsel's questioning also touched on the child victim's nonverbal communication and demeanor. Furthermore, the questions asked by defense counsel created a potentially false impression that negatively impacted the child victim's credibility without the admission of the videotaped recording. *See Bezerra v. State*, 485 S.W.3d 133, 143 (Tex. App.—Amarillo 2016, pet. ref'd) (holding that the trial court did not abuse its discretion by admitting videotaped interviews of the complainants because the testimony "opened up" the statements made by the complainants on the videotaped interviews, and because the videotaped interviews would much more fully and fairly explain the matters about which a witness testified); *Mick*, 256 S.W.3d at 832 (finding the trial court did not abuse its discretion by admitting videotaped interview of a child victim for context and to prevent the jury from receiving a false impression where appellant questioned the child victim's statements on a recording to insinuate coaching occurred and where the child victim's testimony was inconsistent). Because defense counsel challenged the child victim's credibility and motivation for the forensic interview, the State was entitled to offer any other evidence necessary to make the

interview "fully understood." *See Credille*, 925 S.W.2d at 117 (holding that the trial court did not abuse its discretion by admitting the videotape of the interview with the complainant "because appellant [the defendant] inquired into the videotaped conversation between Erickson [the investigator] and the complainant, the State was entitled to offer any other evidence that was necessary to make the conversation fully understood").

Based on the foregoing, we conclude that the trial court's decision was within the bounds of its discretion. *See Martinez*, 327 S.W.3d at 736; *see also Bezerra*, 485 S.W.3d at 143; *Mick*, 256 S.W.3d at 832; *Credille*, 925 S.W.2d at 117. As such, we overrule Nance's sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Affirmed
Opinion delivered and filed August 17, 2022
Do not publish
[CRPM]

